**Hearing Date: October 14, 2026 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: October 7, 2026 at 4:00 p.m. (prevailing Eastern Time)**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
John McClain
Jonathan Samper

*Attorneys for the Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>KOSSOFF PLLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 21-10699 (DSJ) |
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Adv. Pro. No. 26-01088 (DSJ) |

**NOTICE OF HEARING TO CONSIDER CHAPTER 7 TRUSTEE'S APPLICATION SEEKING THE APPOINTMENT OF A MEDIATOR**

**PLEASE TAKE NOTICE** that a hearing will be held on **October 14, 2026 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing"), or as soon thereafter as counsel can be heard, to consider the attached *Chapter 7 Trustee's Application Seeking the Appointment of a Mediator* (the "Application") and objections thereto, if any.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held before the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, Room 701, New York, New York 10004. The Hearing shall take place via Zoom for Government. Those wishing to appear before the Court at the Hearing must register for an appearance utilizing the Electronic Appearance portal located at the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered no later than October 13, 2026, at 4:00 p.m. (Prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application must be made in writing, stating in detail the reasons therefor, and must be filed with the Clerk of the Bankruptcy Court, with paper copies delivered to Chambers, and served upon: (i) Togut, Segal & Segal LLP, attorneys for Albert Togut, Chapter 7 Trustee, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: John McClain, Esq., and Jonathan Samper, Esq. (jmclain@teamtogut.com, jsamper@teamtogut.com); (ii) the Office of the United States Trustee for the Southern District of New York (Region 2), One Bowling Green, Room 534, New York, NY 10004-1408, Attn: Mark Bruh, Esq. (Mark.Bruh@usdoj.gov); ; and (iii) any parties required to be served under any applicable Bankruptcy Rule or Local Rule, so that they are actually received by the aforementioned parties not later than **4:00 p.m. (Prevailing Eastern Time) on October 7, 2026 at 4:00 p.m.** Objections not timely served and filed may not be considered by the Court.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be adjourned from time to time, without further written notice to any party.

Dated: New York, New York
September 24, 2026

ALBERT TOGUT, not individually but solely
in his capacity as Chapter 7 Trustee
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ John McClain*
JOHN McCLAIN
JONATHAN SAMPER
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
John McClain
Jonathan Samper

*Attorneys for the Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| KOSSOFF PLLC, | Case No. 21-10699 (DSJ) |
| Debtor. | |
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC, Plaintiff, v. JPMORGAN CHASE BANK, N.A., Defendant. | Adv. Pro. No. 26-01088 (DSJ) |

**CHAPTER 7 TRUSTEE'S APPLICATION**
**SEEKING THE APPOINTMENT OF A MEDIATOR**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually, but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned bankruptcy case (the "Chapter 7 Case") and adversary proceeding (the "Adversary Proceeding"), by and through his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), respectfully submits this application (the "Motion") seeking entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to 28 U.S.C. § 651 *et seq.*, Rule 9019-1 of the United States Bankruptcy Court for the Southern District of New York's (the "Court") Local Bankruptcy Rules ("Local Bankruptcy Rule 9019-1"), and Sections 1.1 and 1.3 of this Court's *Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings* (the "Mediation Guidelines") (made effective by General Order M-452 (Morris, C.J.) dated June 28, 2013) and preceding orders upon which it builds), appointing one of this Court's retired former bankruptcy judges to mediate his claims against JPMorgan Chase Bank, N.A. ("Defendant"). In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Adversary Proceeding and the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), -(E), and -(O).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule-based predicates for this Motion are 28 U.S.C. § 651 *et seq.*, Local Bankruptcy Rule 9019-1, and Mediation Guidelines Sections 1.1 and 1.3.

## LEGAL STANDARDS

4. 28 U.S.C. § 651(b) provides:

> Each United States district court shall authorize, by local rule adopted under section 2071(a), the use of alternative dispute resolution processes in all civil actions, including adversary proceedings in bankruptcy[.]

5. Local Bankruptcy Rule 9019-1 provides that "[a]lternative dispute resolution shall be conducted in the manner required by the [Mediation Guidelines.]"

6. Mediation Guidelines Section 1 provides that "[t]he Court may order assignment of a matter to mediation . . . upon a motion by any party in interest," and that "any adversary proceeding, contested matter or other dispute may be referred by the Court to mediation." Mediation Guidelines §§ 1.1, 1.3.

7. In General Order M-211 (Brozman, C.J.) dated October 20, 1999, a predecessor to General Order M-452 upon which the latter order builds, then-Chief Bankruptcy Judge Brozman set forth that "the court believes that a program of Mediation/Voluntary Arbitration may potentially reduce the number of disputes needing the attention of the court, thereby allowing the court to process remaining matters more efficiently" and "the court wishes to encourage and promote, at appropriate stages in bankruptcy proceedings, the use of innovative, cost efficient, speedy methods of resolving disputes other than adjudication by a presiding judge."

8. Although there does not appear to be any authority from this Court specifically setting forth when a Bankruptcy Judge should order mediation pursuant to the Mediation Guidelines, another New York bankruptcy judge has said that "[m]ediation is appropriate when used to facilitate a more prompt resolution of disputes." *In re Diocese of Buffalo, N.Y.*, 666 B.R. 216, 217-19 (Bankr. W.D.N.Y. 2025) (appointing retired E.D.N.Y. Bankruptcy Judge Cyganowski to mediate because of the complexities of the case and the potential for unnecessary delay and expense that litigation would entail). Bankruptcy courts in this Circuit routinely refer disputes to mediation where mediation may provide a potentially resource-preserving alternative to trials that would be expensive to both the parties and the courts. *See*, *e.g.*, *id.*; *infra* ¶ 16.

9. Whether mediation is appropriate in a particular case is left to the Court's discretion. *See Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 163 n.14 (2d

Cir. 2011) (rejecting argument that district court "abused its discretion in denying a motion for mediation"); *State St. Glob. Advisors Tr. Co. v. Visbal*, 677 F. Supp. 3d 209, 246 (S.D.N.Y. 2023), *adhered to on reconsideration*, No. 1:19-CV-1719-GHW, 2023 WL 4764021 (S.D.N.Y. July 25, 2023) (noting that "the Court would have discretion to . . . require mediation"); *see also Abele v. Hernando Cnty.*, 161 F. App'x 809, 813 (11th Cir. 2005) ("We review a district court's order overruling a party's objections to mediation for abuse of discretion.").

**BACKGROUND AND ARGUMENT**[1]

10. On September 9, 2026, the Trustee filed his 49-page Complaint in this matter. [Docket No. 1].

11. In the Complaint, the Trustee alleges that Defendant knowingly aided and abetted Mitchell Kossoff's ("Kossoff") fraud and fiduciary breaches and facilitated the loss of millions of dollars of the Debtor's clients' funds, including those of the Assignors, to Kossoff's fraudulent misappropriation. *Id.*

12. The Trustee's investigation, including the reconstruction of records, review of documents, interviews with witnesses and the like has taken up the entirety of the Trustee's four-year administration of this case, and has been the focus of his work.

13. Trying this case will take an enormous amount of the Court's time. There are genuine issues of fact and law that need to be decided, and as the saying goes: "It's complicated." The claims brought against Defendant by the Trustee in the

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Complaint in this action, which contains a more fulsome background of the Chapter 7 Case.

Complaint raise a number of complex issues, the trial of which would be very expensive for both the parties and the Court.

14. Although the Trustee is fully prepared to try this case in this Court, the Trustee has suggested to Defendant that the most efficient way to get to a conclusion is through a mediation. The Trustee believes that Court-ordered mediation would "potentially reduce the number of disputes needing the attention of the court, thereby allowing the court to process remaining matters more efficiently" and provide a "cost efficient, speedy method[] of resolving [the parties'] disputes other than adjudication by [Your Honor]" in this case. General Order M-211 (Brozman, C.J.) (Oct. 20, 1999).

15. Given that there are legal questions that need to be answered and that some of them are unique to a bankruptcy case, the Trustee believes it best that whoever mediates this dispute be a former bankruptcy judge who sat in the Southern District of New York. Such a mediator can best predict what this Court might decide. The resolution of this case will necessarily turn on what such a mediator will say, and the Trustee needs confidence in that view in order to settle this case.

16. Retired former bankruptcy judges are routinely appointed to mediate bankruptcy-related disputes. *See*, *e.g.*, *In re SageCrest II, LLC*, No. 08-50754 (D. Conn. June 10, 2019) [Docket No. 664] (appointing former E.D.N.Y. Bankruptcy Judge Cyganowski); *In re Latam Airlines Grp., S.A.*, No. 20-11254-jlg (Bankr. S.D.N.Y. Aug. 31, 2021) [Docket No. 3060] (appointing former S.D.N.Y. Bankruptcy Judge Gropper); *In re MatlinPatterson Glob. Opportunities Partners II L.P.*, No. 21-11255-dsj (Bankr. S.D.N.Y. May 6, 2022) [Docket No. 420] (appointing former S.D.N.Y. Bankruptcy Judge Peck); *Diocese of Buffalo*, *supra* (appointing former E.D.N.Y. Bankruptcy Judge Cyganowski). The appointment of a retired bankruptcy judge of this Court in these circumstances

would give the mediation the best chances of reaching a consensual resolution obviating trial.

17. Since the purpose of the Mediation is to avoid unnecessary litigation, it is also respectfully suggested that while the Mediation is being conducted, pending deadlines and all further proceedings the Adversary Proceeding be stayed.

**NOTICE**

Notice of this Motion has been given to Defendant, the United States Trustee, and all parties that have filed a notice of appearance in the Adversary Proceeding. The Trustee requests that this Court find that notice is sufficient and that no other or further notice of the relief requested herein is necessary or appropriate.

**CONCLUSION**

**WHEREFORE,** for the reasons set forth herein, the Trustee requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A,** (1) appointing one of this Court's retired former bankruptcy judges to mediate his claims against Defendant; and (2) providing such other and further relief as this Court deems just and appropriate.

Dated: New York, New York
September 24, 2026

Respectfully submitted,

ALBERT TOGUT, not individually but
solely in his capacity as Chapter 7 Trustee
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ John McClain*
JOHN McCLAIN
JONATHAN SAMPER
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

# Exhibit A

## <u>Proposed Order</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>KOSSOFF PLLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 21-10699 (DSJ) |
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Adv. Pro. No. 26-01088 (DSJ) |

**ORDER GRANTING TRUSTEE'S MOTION TO DIRECT MEDIATION**

Upon the application of Albert Togut, not individually, but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-captioned bankruptcy case and adversary proceeding (the "Adversary Proceeding"), by and through his attorneys, Togut, Segal & Segal LLP, for entry of an order, pursuant to 28 U.S.C. § 651 *et seq.*, Rule 9019-1 of the United States Bankruptcy Court for the Southern District of New York's (the "Court") Local Bankruptcy Rules ("Local Bankruptcy Rule 9019-1"), and Sections 1.1 and 1.3 of this Court's *Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings* (the "Mediation Guidelines") (made effective by General Order M-452 dated June 28, 2013 (Morris, C.J.) and preceding orders upon which it builds), appointing one of this Court's retired former bankruptcy judges to mediate his claims against JPMorgan Chase Bank,

N.A. ("Defendant" and, together with the Trustee, the "Parties"), dated September 24, 2026 (the "Motion"); and it appearing that the Court has jurisdiction to consider the Motions and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being core proceedings within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (E), and (O); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that good and sufficient notice of the Motion has been given by the Trustee such that no further or additional notice was required; and this Court having reviewed the Motion; and a hearing to consider the Motions having been held before the Court on October 14, 2026 (the "Hearing"); and upon the record made during the Hearing as well as the record of all prior pleadings and proceedings had herein;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED.

2. All objections and responses to the Motion that are not otherwise expressly resolved herein are overruled.

3. Pursuant to Local Bankruptcy Rule 9019-1 and Mediation Guidelines §§ 1.1 and 1.3, ________________________ (the "Mediator") is appointed to conduct the mediation of the Parties' dispute (the "Mediation"). The terms of the Mediator's compensation shall be satisfactory to the Mediator and the Parties, and subject to Court approval if the estate is to be charged with such expense. In the event that the mediator and the parties cannot agree on terms of compensation, then the Court shall fix such terms as are reasonable and just. *See* Mediation Guidelines § 4.

4. The Mediator may mediate any issue that is the subject of the Trustee's Complaint.

5. No later than seven (7) business days following the entry of this Order, or as soon thereafter as the Mediator is available, the Mediator shall meet and confer with the Parties to commence discussions regarding procedures and a schedule for the Mediation. The Mediator will ultimately determine the procedures for the Mediation.

6. The Parties, including one or more representatives with full authority to bind the Party for whom such representative acts able to participate and make recommendations on behalf of their Party, are directed to attend each Mediation session and participate in the Mediation.

7. The Mediator shall have no communication with the Court relating to the substance of the Mediation or matters occurring during the Mediation. Further, the Mediator shall not disclose whether a verbal agreement was reached or a Party has refused to execute a definitive written settlement agreement. The Mediator shall have no obligation to make written comments or recommendations. The Mediator shall not be compelled to testify or disclose any information concerning the Mediation in any forum or proceeding, nor shall either Party: (a) call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions that the Mediator may have about the Parties, or their respective positions, in the Mediation; (b) subpoena any notes, documents or other materials prepared by the Mediator in connection with the Mediation; or (c) offer any statements, views or opinions of the Mediator in connection with any proceeding, including, without limitation, any pleading or other submission to any court.

8. Neither Party shall be bound by anything said or done during the Mediation, unless a Party voluntarily agrees to be so bound by a written and signed stipulation submitted to the Mediator and the Parties; and (b) the results of the Mediation are non-binding unless the Parties that agree to be so bound otherwise agree; *provided however*, that any settlement agreement reached through the Mediation reduced to writing and signed shall be as binding against each signatory as those reached through litigation, and this Court will retain jurisdiction to enforce any such settlement agreement.

9. All communications made by and all submissions prepared by a Party in connection with the Mediation, including but not limited to: (a) discussions between the Parties during the course of the Mediation, including discussions with or in the presence of the Mediator; (b) mediation statements and any other documents or information provided to the Mediator or the Parties in the course of the Mediation; and (c) all correspondence, settlement proposals, counterproposals, term sheets, and offers of compromise produced for, as a result of, or in connection with the mediation (collectively, the "Settlement Proposals") shall remain confidential, shall not be made available to the public; *provided however*, that the Party making any such Settlement Proposal may agree to the disclosure of such Settlement Proposal pursuant to a confidentiality agreement or otherwise. The materials described in each of the foregoing clauses (a) through (c): (i) shall be protected from disclosure (and shall not be disclosed) to any other Party or to any other person who is not a Party except in accordance with this Order or an applicable confidentiality agreement; (ii) shall not constitute a waiver of any existing privileges and immunities; (iii) shall not be used for any purpose other than the Mediation; (iv) shall be subject to protection under Rule 408 of the Federal Rules of Evidence and any equivalent or comparable state law; and

(v) except for the sole purpose of enforcing in the Court a settlement agreement reached in the Mediation, shall not be admissible for any purpose in any judicial or administrative proceeding. For the avoidance of doubt, if no such settlement agreement is reached, then the foregoing materials shall not be admissible anywhere.

10. The Parties and their counsel and advisors shall not in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, or Settlement Proposal that may be made or provided in connection with the Mediation; *provided however*, that nothing in this Order shall prevent a Party from sharing with the Mediator, and thereafter disclosing, to the extent not prohibited by a separate confidentiality agreement, any draft objections; any potential legal arguments such Party may raise; reports of a Party's own experts; any document produced or obtained in discovery; any information that is, was, or becomes available to a Party outside of the Mediation; such Party's own work product or materials; or other pleadings filed or to be filed by such Party with a court of competent jurisdiction.

11. Notwithstanding anything in this Order to the contrary, nothing in this Order shall prevent a Party from disclosing information revealed during the Mediation to the extent such disclosure is required, or as may be required or requested by a governmental or regulatory entity with oversight or other authority over such Party, that is within the oversight or other authority of such governmental or regulatory entity, or required by statute or court order or other legal or regulatory requirements applicable to such Party; *provided however*, that if such Party is requested or required to disclose any information to any third-party or governmental or regulatory authority, such Party shall, to the extent not legally prohibited, provide the disclosing Party with

prompt written notice of such requirement prior to any disclosure and shall furnish only that portion of such information or take only such action as is legally required.

12. Either Party may provide documents and/or information to the Mediator that is subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine, or any other privilege, right, or immunity a Party may be entitled to claim or invoke (the "Privileged Information"). By providing the Privileged Information solely to the Mediator and no other party, neither Party nor its respective professionals intends to, nor shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity they may be entitled to claim or invoke with respect to any Privileged Information or otherwise. Any work product, materials, or information shared or produced by a Party with the Mediator, including Privileged Information, shall be subject to all applicable mediation privileges and shall not be shared by the Mediator with any other Party without the consent of the sharing or producing Party.

13. Nothing in this Order is intended to, nor shall it, waive, release, compromise, or impair in any way whatsoever, any claims or defenses that a Party has or may have, whether known or unknown, in connection with or relating to acts or omissions that took place prior to entry of this Order.

14. During the pendency of the Mediation, all deadlines and proceedings in the Adversary Proceeding shall be stayed to allow the Mediation to proceed without interruption.

15. Promptly following the termination of the Mediation in accordance with the procedures for the Mediation chosen by the Mediator (such date, the "Termination Date"), but no later than three (3) business day after the Termination Date, the Mediator shall file a notice with the Court setting forth the following: (a) that

the Mediator has conducted the mediation; (b) the names of the participants in the Mediation; (c) whether the participants in the Mediation acted in good faith; and (d) whether and to what extent the Mediation was successful.

16. All deadlines pending in the Adversary Proceeding are suspended pending conclusion of the Mediation.

17. The Trustee shall serve a copy of this order upon Defendant by First Class mail within three (3) business days after the date of entry of this Order.

18. This Court retains exclusive jurisdiction regarding the implementation and interpretation of this Order.

Dated: New York, New York
_____________, 2026

_________________________________
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE